UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LISA HOPKINS

                                        Docket No.: CV-05-2505
                                                (JBW)(JO)

                        Plaintiff,          **AMENDED COMPLAINT**

            -against-                       **Jury Trial is Demanded**

COUNTY OF SUFFOLK, SOUTHAMPTON POLICE DEPARTMENT,
SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE,
 POLICE OFFICER GATES in his official and individual capacity,
POLICE OFFICER COSTA, in his official and individual capacity,
POLICE OFFICER SCOTT, in his official and individual
capacity, POLICE OFFICER BERNAGOZZI, in his official and individual
capacity,  POLICE OFFICER HARRIGAN in his official and individual
 capacity, and individual capacity SARGEANT HUGHES in his official
and individual capacity and OFFICERS JOHN DOE 1 -5

                        Defendants.
-------------------------------------------------------------------X

        PLAINTIFF, Lisa Hopkins, by and through her attorneys, THE LAW OFFICES OF

FREDERICK K. BREWINGTON, state and allege as follows:


                        **PRELIMINARY STATEMENT**

        1.      This is a civil action seeking monetary relief, a declaratory judgment, compensatory

and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, brought

pursuant to 42 U.S.C. § 1983, false arrest, excessive force,  malicious prosecution, abuse of process,

negligence,  intentional infliction of emotional distress, and punitive damages.

        2.      Specifically, the Plaintiff alleges that the Defendants (collectively and individually)

negligently, wantonly, recklessly, intentionally and knowingly sought to, and did, wrongfully

deprive Plaintiff of her Constitutional rights, pursuant to the above mentioned statutes and causes

of action by committing acts under color of law and depriving the Plaintiff of rights secured by the

Constitution and laws of the State of New York.

        3.      Plaintiff alleges that Defendants (collectively and individually), their agents,

employees and servants unlawfully entered Plaintiff's residence, wrongfully detained, illegally and unconstitutionally seized, falsely arrested, intentionally and falsely imprisoned, falsely accused, harassed, and maliciously prosecuted Plaintiff, Lisa Hopkins.

4.    Plaintiff further alleges that Defendants (collectively and individually) were negligent in training, hiring and supervising its Police Officers and Assistant District Attorneys. Additionally, Defendants are liable to the Plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the Defendant police officers, and by maliciously failing to investigate, abusing process, wrongfully arresting, physically assaulting, injuring and maliciously prosecuting Plaintiff.

5.    As a result of the Defendants' actions, Plaintiff was improperly and unlawfully subjected to an invasion of her home, physical assault, battery resulting in physical harm, and a period of false imprisonment. The Plaintiff is being forced to stand trial. Furthermore, Plaintiff has already incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, lost wages, and other expenses.

6.    On or about May 19,2004 a Notice of Claim was deemed served.

7.    Plaintiff is filing the instant complaint in order to comply with the statute of limitations applicable to some of their state law causes of actions alleged below.

## JURISDICTION AND VENUE

8.    The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

9.    This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

10.    Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that Plaintiff resides in SUFFOLK County. Furthermore, the place where the events and violations herein alleged occurred was in SUFFOLK County.

## PARTIES

11.    Plaintiff, Lisa Hopkins currently resides with her mother in Shirley, New York.

2

12.     Lisa Hopkins is 25 years old , being born on August 25, 1979.

13.     Upon information and belief, The defendant SUFFOLK COUNTY (hereinafter "SUFFOLK") is a duly constituted municipal corporation of the State of New York. Upon information and belief, the COUNTY formed and has direct authority over several different departments including the Southampton Police Department and the Suffolk County District Attorney's Office. The aforementioned departments and/or the employees, agents or representatives of said departments are directly involved in violations that are the at issue in this complaint.

14.     Upon information and belief, the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE was and is an agency of the COUNTY.

15.     Upon information and belief, POLICE OFFICER GATES is employed by the COUNTY under the direction of the Southampton Police Department and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York,  the County of SUFFOLK and acting in his individual and official capacity.

16.     Upon information and belief, POLICE OFFICER COSTA  is employed by the COUNTY under the direction of the Southampton Police Department and was acting in furtherance of the scope of her employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York,  the County of SUFFOLK and acting in her individual and official capacity.

17.     Upon information and belief, POLICE OFFICER SCOTT is employed by the COUNTY under the direction of the Southampton Police Department and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York,  the County of SUFFOLK and acting in his individual and official capacity.

18.     Upon information and belief, POLICE OFFICER BERNAGOZZI  is employed by the COUNTY under the direction of the Southampton Police Department and was acting in

furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of SUFFOLK and acting in his individual and official capacity.

19.     Upon information and belief, POLICE OFFICER HARRIGAN is employed by the COUNTY under the direction of the Southampton Police Department and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of SUFFOLK and acting in his individual and official capacity.

20.     Upon information and belief, SARGEANT HUGHES is employed by the COUNTY under the direction of the Southampton Police Department and was acting in furtherance of the scope of his employment, acting under color of statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the County of SUFFOLK and acting in his individual and official capacity.

21.     Upon information and belief, OFFICERS "JOHN DOES" 1-5 were at all times herein mentioned, police officers in their individual and official capacities, employed by the COUNTY OF SUFFOLK under the direction of defendant's Southampton Police Department, and were acting in furtherance of the scope of their employment, acting under color of law, to wit under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the COUNTY.

## FACTUAL ALLEGATIONS

22.     On the afternoon of February 20, 2004, Lisa Hopkins was visiting at her mother's home at 334 Avondale Drive, Shirley New York. At that time, Ms. Hopkins did not reside with her mother but lived at 40 Beatrice Drive, Shirley, New York, 11967.

23.     The actual residence listed for Ms. Hopkins in the Department of Motor Vehicles was 40 Beatrice Drive, Shirley, New York, 11967.                    .

24.      Lisa Hopkins and her Mother, Loretta Pollanen, were both employees of Walmart

4

and had planned on attending work together that evening.                                    .

25.     Plaintiff was taking a shower, getting ready to go to work, on the afternoon of February 20, 2004 when numerous SOUTHAMPTON TOWN POLICE OFFICERS came to the door of the residence.

26.     Plaintiff's sister, Laurie, answered a knock at the front door.

27.     POLICE OFFICER COSTA asked Laurie if Plaintiff was inside the house, and Laurie indicated to POLICE OFFICER COSTA that Ms. Hopkins was there visiting but was in the shower getting ready for work.

28.     Upon information and belief, POLICE OFFICER COSTA forcefully opened the door of the residence and forcefully pushed her way into the home, without permission of any of the home's inhabitants.

29.     Four other officers followed in behind POLICE OFFICER COSTA, entering the home without permission of any of the home's inhabitants.

30.     POLICE OFFICER COSTA then told Laurie to "go get" Ms. Hopkins.

31.     At the time the officers arrived, Ms. Hopkins was in the shower. When she came to meet the officers she was  in a towel and she had her wet hair wrapped up in a towel on top of her head.

32.      When Ms. Hopkins came to the area of the house where the officers were standing, the officers told her that she needed to come with them to "fill out some paperwork" regarding an unpaid  open container fine.

33.     At no time was Ms. Hopkins or anyone in the house  told that there was a warrant, giving the officers any authority to enter her mother's home.

34.     Ms. Hopkins then indicated to the Police Officers that she would go with them, but that she was going downstairs to get dressed and brush her hair.

35.     As she walked down the stairs, POLICE OFFICER COSTA began to follow her.

36.     Plaintiff's mother, Ms. Pollanen, identified herself as the owner of the home and then

asked the officers to wait outside, but the officers refused to leave the interior of the residence.

37.     Plaintiff's mother then told them to wait outside, but the officers again refused.

38.     Plaintiff's mother said to the officers, "No one gave you permission to enter my home."

39.     A male police officer responded, "he did" and pointed at Plaintiff's young brother-in-law, Ed Whalen, who was in the livingroom area on the couch.

40.     Plaintiff's brother -in-law, Ed Whalen,  responded, "I did not".

41.     The male officer then replied, "it's your word against ours" and stood firm, crossing his arms in front of his chest.

42.     All five officers stayed in the home, after the homeowner asked them to leave and told them to leave.

43.     Plaintiff's mother then asked the officers for their names and badge numbers, but the officers refused.   Plaintiff's mom asked several times for this information, but the officers refused each and every time.

44.     Ms. Hopkins came back upstairs dressed in her clothing and went into the kitchen to put her shoes on and get her purse.

45.     As, Ms. Hopkins walked toward the kitchen, she told her mother to call work and let them know that she would be late because she was going to the police station with the officers.

46.     For no apparent reason, a  male officer followed Ms. Hopkins into the kitchen.  He walked up behind her and grabbed her by the left arm, twisting it extremely tight up into her back.

47.     Ms. Hopkins screamed out in excruciating pain, and began to cry, as the officer forcefully and brutally pulled and twisted her left arm.  In a reflex action her leg kicked up behind her in an effort to stay standing, and hit the officer who was behind her twisting her arm.

48.     Ms. Hopkins heard her arm "pop" and  asked the officer why he was hurting her.  The male officer responded that he grabbed her because her sister, "got in [his] face".

49.     POLICE OFFICER COSTA then tightly and angrily grabbed Plaintiff's sister, Laurie,

6

by the arm and told her to "stay out of the way".

50.     At that point, the male officer handcuffed her and dragged Ms. Hopkins outside, by the arm that was painfully and unnaturally pinned behind her back,  and threw her into the back of a police car.

51.     After Ms. Hopkins was thrown into the vehicle, POLICE OFFICER COSTA told Ms. Hopkins, "you're lucky he didn't punch you in the face", referring to the male officer that had grabbed her arm.

52.     The officers then stood in a group at the back of the police car Ms. Hopkins had been thrown in, and began discussing what they had done.  One of the male officers said, "we need to get our story straight".

53.     Ms. Hopkins was taken to the Southampton Town Police Station located in Hampton Bays, New York.

54.     During the lengthy car ride from Shirley to Southampton, Ms. Hopkins indicated to the police officers in the vehicle that her arm was injured and that she needed medical attention.

55.     Plaintiff, Lisa Hopkins,  was taken directly to the Police Station without any medical care.

56.     The Police Officers told Ms. Hopkins that he was going to be taken to jail in Riverhead.

57.     At the police station, Ms. Hopkins complained of pain in her arm and of being cold. Ms. Hopkins asked for a blanket but was again refused.

58.     Eventually, after hours of pain and suffering, Ms. Hopkins was taken to the Southampton Hospital.   Ms. Hopkins was handcuffed and her ankles were shackled for her trip to the hospital.

59.     Ms. Hopkins was taken to the hospital for examination and treatment.

60.     While Plaintiff, Ms. Hopkins was in the hospital, POLICE OFFICER COSTA, further commented stating: "don't expect to get any good jobs now", indicating that this arrest would be on

7

ms. Hopkins record.

61.    Plaintiff, Ms. Hopkins was diagnosed with, and treated for, a ruptured bicep.

62.    Plaintiff has needed to seek treatment for her physical injuries as well as her emotional injuries.

63.    Ms. Hopkins was taken back to the jail where she was held overnight, and brought to arraignment.

64.    Ms. Hopkins was charged with Obstruction of Governmental Administration and Resisting Arrest on February 20, 2004 and has been a Defendant in the criminal court system for over 1 year now.

65.    Ms. Hopkins has been required to appear in Court on numerous occasions, which has caused her to lose her job.

66.    Upon information and belief, the Defendants, its agents and employees negligently, knowingly and/or recklessly violated the Lisa Hopkins' Constitutional rights secured under the Fourth, Fifth and Sixth Amendments of the United States Constitution.

67.    Upon information and belief, the Defendants, its agents and employees negligently, knowingly and/or recklessly violated the Lisa Hopkins' Constitutional rights secured under the Fourth, Fifth and Sixth Amendments of the United States Constitution.

68.    As a result of the Defendant's negligence, recklessness, wilfulness and otherwise blatant disregard for the Lisa Hopkins' rights, Ms. Hopkins was forced to stand trial for alleged crimes for which the Defendant knew or should have known that Plaintiff, Lisa Hopkins did not commit.

69.    The Defendants (collectively and individually), their employees and agents failed to obtain proper authorization to enter the residence at 334 Avondale Drive, Shirley, New York..

70.    The Defendants (collectively and individually), their employees and agents knowingly filed illegitimate and false charges, intending to destroy Ms. Hopkins ability to work and/or obtain employment.

71.     The Defendants (collectively and individually) , their employees and agents wrongfully arrested, wrongfully abused and battered,  wrongfully imprisoned, wrongfully detained and maliciously prosecuted Lisa Hopkins based upon a false and uncorroborated accusations of a non-credible witness.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983

72.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 71 of this complaint with the same force and effect as though fully set forth herein.

73.     The Defendants, their agents, employees and servants, lacked proper authority to enter the residence located at 334 Avondale Drive, yet all five officers forced their way into the home against the will and protests of the homeowner and all other inhabitants of the home.

74.     The Defendants, their agents, employees and servants, knew that they did not have authority to lawfully enter the home, thus they had knowledge that their arrest of Md. Hopkins was improper.

75.     The wrongful stop, false detainment, assault, wrongful arrest, malicious prosecution, and other wrongful acts conducted against the plaintiff by the defendant COUNTY OF SUFFOLK, its agent, employees and servants, were committed under color of law, customs, and statutes of the State of New York.

76.     The accusations of wrongful actions leveled against Plaintiff were false and were an attempt to cover up the brutalization, false arrest, malicious prosecution and abuse of process which has been inflicted by Defendants on Plaintiff.

77.     The excessive force, and false arrest of Plaintiff  without probable cause, and other wrongful acts conducted against the Plaintiff by Defendants, including, but not limited to DEFENDANT OFFICERS constitutes a violation of Plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures, and secured by the Eighth Amendment to be free of cruel and unusual punishment.  Such actions

9

were intentional, negligent, reckless, callous, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious beatings, false arrest and summary punishment, but failed to prevent same and breached their duty all in violation of 42 U.S.C. §1983.

78.     The Defendant POLICE acted under color of law to deny Plaintiff her constitutional rights to due process and freedom from seizure, by wrongfully detaining the Plaintiff at the Police Precinct overnight, without providing any Miranda warnings, reason for custody, or other due process guarantees secured to the Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution in violation of U.S.C. §1983.

79.     Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law, and each of the Defendants separately and in concert acted willfully, knowingly and purposefully with the specific intent to deny Plaintiff medical treatment, and therefore conspired to harm Plaintiff in violation of 42 U.S.C. §1983.

80.      Under color of law, the Defendants, their agents, employees and servants deprived the plaintiff Lisa Hopkins of her Fourth, Fifth, and Fourteenth Amendment rights to protection from unlawful search and seizure, Equal Protection and Due Process, by falsely arresting, wrongfully detaining, unlawfully and falsely charging the plaintiff with criminal charges, for which there was no evidence or substantiation of any kind.

81.     The accusations of wrongful actions leveled against the plaintiff were false and were an attempt to cover up the false arrest, abuse of process, intentional and false imprisonment, false accusations, harassment, malicious prosecution, defamation and abuse of process which has been inflicted by the defendants on the plaintiff.

82.     The false arrest of plaintiff Lisa Hopkins without probable cause, and other wrongful acts conducted against Ms. Hopkins (collectively) by defendants, including, but not limited to defendants' unconstitutionally seizing, falsely arresting, intentionally and falsely imprisoning, falsely accusing, harassing, and maliciously charging Lisa Hopkins constitutes a violation of plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free

10

from unreasonable searches and seizures.  Such actions were negligent, reckless, unreasonable and unauthorized, as the defendants had a duty to not subject Plaintiff to false arrest and summary punishment, but failed to prevent same and breached their duty.

83.     The Defendants, their  agents, employees and servants acted under color of law to deny the plaintiff, Lisa Hopkins her constitutional right to due process and freedom from seizure, by wrongfully detaining the plaintiff, wrongfully charging her and holding her under the threat of imprisonment for an indeterminate period of time, without providing a reasonable basis and/or investigation warranting custody, or other due process guarantees secured to the Ms. Hopkins by the Fifth and Fourteenth Amendments of the United States Constitution.

84.     Such abuse of process was continued by the defendants, their agents, servants and employees in their insistence of charging and prosecuting Ms. Hopkins for illegitimate claims of Obstruction of Governmental Administration and Resisting Arrest.

85.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of State and Federal laws, Plaintiff was deprived of her freedom;  was subjected to great physical, mental, and emotional harm; was made to suffer great pain and suffering; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants, their agents, employees, and servants.

86.     That by reason of the foregoing, Plaintiff have been damaged in the sum of One MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983
### Municipal Liability

87.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 88 of this complaint with the same force and effect as though fully set forth herein.

11

88.     In actively inflicting, and failing to prevent, the above stated abuses incurred by Ms. Hopkins, the defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Ms. Hopkins against illegal search and seizure, use of excessive force, detained custody and other due process violations.  Said rights are guaranteed to the plaintiff by 42 U.S.C. §§ 1985, 1985, and by the Fourth, Fifth, and Fourteenth Amendment of the Constitution.

89.     Both before and after February 20, 2004, the COUNTY OF SUFFOLK has permitted, tolerated and encouraged a pattern and practice of unjustified, unreasonable and illegal abuses and arrest of innocent individuals by police officers of the SOUTHAMPTON TOWN POLICE DEPARTMENT, and the wrongful detention of the same.  Although such police conduct was improper, said incidents were covered up by the COUNTY and THE SUFFOLK COUNTY DISTRICT ATTORNEY"S OFFICE, its agents, employees and servants by official claims that the officers' harassments, false arrests, malicious prosecutions, and false imprisonments were justified and proper, or by leveling false charges against the persons so falsely charged, so as to insulate the offending police officers and other officials.  Said charges and official claims have been fully backed by the COUNTY OF SUFFOLK and THE SUFFOLK COUNTY DISTRICT ATTORNEY"S OFFICE, which has repeatedly and  unreasonably sided with the abuse of persons so effected in nearly all cases, despite vast evidence of wrongdoing by its officers against minority persons, including Plaintiff herein.

90.     Additionally, the COUNTY OF SUFFOLK has systematically failed to identify the improper abuse, misuse, violative acts and brutality by police officers and officials, while further failing to subject such officers and officials to discipline, closer supervision or restraint.

91.     Upon information and belief, specific systemic flaws in the COUNTY OF SUFFOLK'S  misconduct review process include but are not limited to the following:

  a.  Preparing reports regarding investigations of unwarranted incidents as routine point-by-point justification of the police officers actions regardless of whether such actions are justified;

b.  Police officers investigating unwarranted incidents systematically fail to credit testimony by non-police officer witnesses and uncritically rely on reports by police officers involved in the incident;

c.  Police officers investigating unwarranted incidents fail to include in their reports relevant factual information which would tend to contradict the statements of the police officer involved;

d.  Supervisory police officers exonerate police officers for misconduct and abuse of process before the investigation of the incident by the police department has been completed;

f.  hastily accepting the polices' above- as provided information from police reports regarding abuses and civil rights infringements, despite strong evidence to suggest that the police reports are inaccurate, untruthful, and meant to conceal blatant police misconduct.

92.    By permitting and assisting such a pattern of police misconduct, the Defendant, COUNTY OF SUFFOLK and THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights; to wit the defendants SOUTHAMPTON TOWN POLICE, POLICE OFFICER GATES, POLICE OFFICER COSTA, POLICE OFFICER SCOTT, POLICE OFFICER BERNAGOZZI, POLICE OFFICER HARRIGAN, SARGEANT HUGHES, THE DISTRICT ATTORNEY'S OFFICE and "JOHN DOES" 1-5 were encouraged by the COUNTY OF SUFFOLK, to believe that their actions against the plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

93.    By permitting and assisting such a pattern of police misconduct, the Defendant, COUNTY OF SUFFOLK and THE SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE acted under color of custom and policy to condone, encourage and promote the deprivation of Plaintiff's Fourth, Fifth and Fourteenth Amendment rights; to wit the defendants SOUTHAMPTON TOWN POLICE, POLICE OFFICER GATES, POLICE OFFICER COSTA, POLICE OFFICER SCOTT, POLICE OFFICER BERNAGOZZI, POLICE OFFICER HARRIGAN, SARGEANT HUGHES, THE DISTRICT ATTORNEY'S OFFICE and "JOHN DOES" 1-5 were encouraged by the SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, to believe that their actions against

the plaintiff would be accepted without impunity, just as these actions have been so accepted to date, the insistence and ability to prosecute individuals for false and illegitimate crimes.

94.     As a consequence of the defendants' systemic practice, pattern, and custom of intentionally promoting and supporting officers' and official violations of 42 U.S.C. § 1983, Plaintiff was deprived of her freedom and physically and emotionally harmed, to the extent of which she suffered from sleeplessness, anxiety, insomnia, and related emotional distress and suffering which requires medical attention.

95.     As a proximate cause of the COUNTY OF SUFFOLK and SOUTHAMPTON TOWN POLICE DEPARTMENT, POLICE OFFICER GATES, POLICE OFFICER COSTA, POLICE OFFICER SCOTT, POLICE OFFICER BERNAGOZZI, POLICE OFFICER HARRIGAN, SARGEANT HUGHES,  and OFFICERS "JOHN DOES" 1-5  custom and policy of supporting and effectively promoting the very same police abuses which occurred against Plaintiff, said plaintiff was subjected to great fear, physical injury, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well being of the plaintiff.

96.     That by reason of the foregoing, Plaintiff has been damaged in the sum of One Million Dollars ($1,000,000.00).


### AND AS FOR A THIRD COUNT
### ALTERNATE LIABILITY OF THE
### COUNTY OF SUFFOLK and
### SOUTHAMPTON TOWN POLICE DEPARTMENT

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 96 of this complaint with the same force and effect as though fully set forth herein.

98.     Defendants COUNTY OF SUFFOLK and SOUTHAMPTON TOWN POLICE, lacked any probable cause to stop, hold and detain the plaintiff in custody for any period of time and thus are directly liable for the constitutional violations that plaintiff Lisa Hopkins suffered, in that

Defendants COUNTY and TOWN POLICE, hired and retained officers who, acting within the course and scope of power and authority conveyed to the officers and detectives by Defendants COUNTY OF SUFFOLK, and TOWN POLICE, violated the constitutional rights of Plaintiff.

99.     Plaintiff acknowledges that respondeat superior is not now a basis for COUNTY OF SUFFOLK, and THE SOUTHAMPTON TOWN POLICE's liability under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in <u>Board of County Commissioners of Bryan County, Oklahoma v. Jill Brown et al.</u>, [520 U.S. 597, 117 S.Ct. 1582 (1997)], and based upon the literature addressing this issue.

100.     As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs of the defendants THE COUNTY OF SUFFOLK, THE SOUTHAMPTON TOWN POLICE, and the other defendants unjustifiably mistreated, illegally arrested and wrongfully detained the plaintiff. All of this was done in violation of the plaintiff's civil and constitutional rights. Plaintiff has suffered and will continue to suffer from psychological harm, humiliation, fear, defamation of character and injury to reputation. All of these rights are secured to plaintiff by the provisions of the Fourth Amendment, Sixth Amendment, the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§ 1981, 1985, 1985 and 1986 and the laws of the State of New York.

101.     That by reason of the foregoing, Plaintiff has been placed in fear, physically injured, exposed to disgrace, public humiliation and embarrassment and has been damaged in the sum of One Million dollars ($1,000,000.00).

## AS AND FOR THE FOURTH CAUSE OF ACTION
## FALSE ARREST and MALICIOUS PROSECUTION

102.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 101 of this Complaint with the same force and effect as though fully set forth herein.

103.    The Defendants proper authority to enter the home of Plaintiff's mother, to stop and detain the Plaintiff Lisa Hopkins, and further lacked any probable cause to arrest her or retain her in prolonged custody.

104.    Without such probable cause, Defendants wrongfully used physical force to arrest and detain the Plaintiff Lisa Hopkins in her mother's home, at the hospital, and at the police precinct.   During said time, Plaintiff was physically prevented from leaving the custody and kept there under the supervision and knowledge of the Defendants without access to her freedom, family and home.

105.    The wrongful stop, false detainment, assault, wrongful arrest, malicious prosecution, and other wrongful acts conducted against the Plaintiff by the Defendants were committed under color of law, customs, and statutes of the State of New York.

106.    Under color of law, the Defendants deprived Plaintiff Lisa Hopkins of her rights to protection from unlawful search and seizure, by falsely arresting, wrongfully detaining, unlawfully and falsely charging the Plaintiff with criminal charges, for which there was no evidence or substantiation of any kind.

107.    The accusations of wrongful actions leveled against Plaintiff were false and were an attempt to cover up the false arrest, malicious prosecution and abuse of process which has been inflicted by Defendants on plaintiff.

108.    The false arrest of Plaintiff Lisa Hopkins without probable cause, and other wrongful acts conducted against the Plaintiff by Defendants constitutes a violation of Plaintiff's rights, secured by the New York State Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to false arrest and summary punishment, but failed to prevent same and breached their duty.

109.    The Defendants acted under color of law to deny the Plaintiff their  constitutional rights to due process and freedom from seizure, by wrongfully detaining them for days under the

threat of life imprisonment, without providing any reasonable basis and or investigation warranting custody, or other due process guarantees secured to the Plaintiff.

110.     As a consequence of Defendants' wrongful actions, negligent behavior, and violation of state laws, Plaintiff were deprived of their freedom, was made to suffer injuries, and was subjected to great fear, physical harm, terror and personal humiliation and degradation , and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

111.     That by reason of the foregoing, Plaintiff have been damaged in the sum of One million ($1,000,000.00) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION
### ABUSE OF PROCESS

112.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 111 of this Complaint with the same force and effect as though fully set forth herein.

113.     The false detainment, wrongful arrest, assault, malicious prosecution and other wrongful acts conducted against the Plaintiff by the Defendant officers and officials constituted abuse of process, abuse of authority, breach of police procedures, violations of state and federal laws and violations of the Plaintiff's Constitutional rights.  The Defendant officers negligently and recklessly breached their duty to prevent the commission of the civil rights violations perpetrated against Plaintiff.

114.     Said abuse of process was continued by the Defendants' further action to refuse medical treatment, falsely imprison, and falsely charge Plaintiff for crimes without any proper basis.

115.     The continued action taken by the Defendants to prosecute, harass and fully inconvenience the Plaintiff  with  allegations of serious criminal charges is an abuse of process, in that the Defendants used and continued to use, the courts and judicial process to further damage the Plaintiff knowing that the arrest was unlawful and improper and therefore Defendants were intentionally prosecuting the baseless charges and arrest of Plaintiff.

17

116.   Defendants each failed to sufficiently act within their proper authority and instead acted under color of statute to knowingly impose false criminal charges upon the Plaintiff.

117.   As a result of said abuse of process, Plaintiff suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, other expenses incurred in their attempt to clear themselves of the false and maliciously imposed criminal charges.

118.   That by reason of the foregoing, Plaintiff has been damaged in the sum of One million ($1,000,000.00) dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE

119.   The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 119 of this Complaint with the same force and effect as though fully set forth herein.

120.   The Defendants and each of them in their individual and official capacities had a duty under the New York State Constitution  to prevent and cease the wrongful detainment, false arrest, assault, false imprisonment, malicious and false charging and prosecuting, and other wrongful acts that were committed against Plaintiff.

121.   In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against illegal search and seizure, physical abuse, detained custody and arrest without other due process violations.  Said rights are guaranteed to the Plaintiff by New York State Constitution.

122.   The breach of duty under the New York State Constitution by the Defendant officers was a direct and proximate cause of the harm suffered by Plaintiff.  Said harm includes, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community, and severe emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which

they incurred.

123.    By reason of the foregoing, Plaintiff have been damaged in the sum of One million ($1,000,000.00) dollars .

## AS AND FOR A SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

124.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 123 of this Complaint with the same force and effect as though fully set forth herein.

125.    The Defendants, and each of them, acted outrageously for their above-stated roles in the wrongful stop, detainment, charging, failing to investigate, failure to adhere to law, rule and regulations known to them, failing to heed Plaintiff protestations, manhandling, false arrest, prolonged captivity, intimidation and public humiliation of the Plaintiff.

126.    Said emotional harm was exacerbated by the persistence of Defendants, by maintaining the false claims and criminal charges against the Plaintiff without any further investigation of the incident, but with the knowledge that the complaint, the only identified witness, refused to testify.   These facts were known by the Defendants, yet they detained and prosecuted Plaintiff with the intention of causing extreme further harm and duress to the Plaintiff.

127.    The Defendants knew that their conduct would cause severe and extreme emotional harm to the Plaintiff and injury to their good names and reputations.

128.    Said harm did in fact occur in this case, in that the Plaintiff were debilitated to the point where they still suffer from episodes of anxiety, anger, loss of sleep, and other impingement of the emotional good health; to the extent that the Plaintiff have had to seek support and counseling within the family.

129.    By reason of the foregoing, Plaintiff have been damaged in the sum of One million ($1,000,000.00) dollars.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

## PUNITIVE DAMAGES

130.    That Plaintiff repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 129 of this Complaint with the same force and effect as though fully set forth herein.

131.    The acts of Defendants were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm Plaintiff, without regard for Plaintiff' well being, and were based on a lack of concern and ill-will towards Plaintiff.  Such acts therefore deserve an award of One Million Dollars ($1,000,000.00) as punitive damages.

**WHEREFORE,** plaintiff demands judgment against defendants:

a.  On the First Cause of Action in the sum of One Million dollars ($1,000,000.00).

b.  On the Second Cause of Action in the sum of One Million dollars ($1,000,000.00).

c.  On the Third Cause of Action in the sum of One Million dollars ($1,000,000.00).

d.  On the Fourth Cause of Action in the sum of One Million dollars ($1,000,000.00)

e.  On the Fifth Cause of Action in the sum of One Million dollars ($1,000,000.00)

f.  On the Sixth Cause of Action in the sum of One Million dollars ($1,000,000.00)

g.  On the Seventh Cause of Action in the sum of One Million Dollars ($1,000,000.00)

h.  On the Eight Cause of Action in the sum of One Million Dollars ($1,000,000.00)

I.  Declaratory Judgment that defendants wilfully violated plaintiff' rights secured by federal and state law as alleged herein;

j.  injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

k.  An order granting such other legal and equitable relief as the court deems just and proper.

l.  Award costs of this action including attorney's fees to the plaintiff.

**A jury trial is hereby demanded.**

Dated:   May 31, 2005                                    Respectfully Submitted,
             Hempstead, New York

 

_____
JENNIFER E. MILLER(JM 0824)
THE LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
50 Clinton Street, Suite 501
Hempstead, New York 11550
(516) 489-6959

21